IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARY EVELYN WILSON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF DES MOINES, IOWA )<br>)<br>    Defendants. ) | NO. 4:03-CV-40175<br><br>COMPLAINT AND<br>JURY DEMAND |

COMES NOW the Plaintiff, by and through her attorneys, and for her cause of action hereby states the following:

## INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and the Iowa Civil Rights Act, challenging the sexual harassment, sex discrimination, and retaliation committed by the Defendants.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331 and the Court's pendent claim jurisdiction under 28 U.S.C. section 1367(a).

3. Venue is appropriate in this District under U.S.C. section 1391(b) and (c).

4. Plaintiff Mary Wilson is a citizen and resident of the Des Moines, Iowa and of Polk County, Iowa.

5. Defendant City of Des Moines, Iowa is a municipal corporation formed pursuant to the laws of the State of Iowa, located in and doing business in Polk County, Iowa.

6. The acts of which Plaintiff complains occurred in part in Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

7. On approximately July 8, 2002, within 180 days of the acts of which she complains, Plaintiff filed charges of sex discrimination, sexual harassment and retaliation against Defendants with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

8. On approximately December 31, 2002, less than 90 days prior to filing this Complaint, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges.

9. On approximately January 28, 2003, less than 90 days prior to filing this Complaint, the Equal Employment Opportunity Commission issued a Notice of Right-to-Sue with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

10. Plaintiff began working for Defendant in February 1995. She was transferred to the Public Works Department in September 1998.

11. Plaintiff worked without incident for the Defendant City of Des Moines until being assigned to work in the Sidewalk Division in the spring of 2000.

12. In June 2000, Plaintiff completed certification and training to become a Cement Finisher. Despite finishing the training course with the highest score, Plaintiff was not allowed to work as a Cement Finisher by the Defendant City of Des Moines.

13. Plaintiff worked as a Cement Finisher for three months in 2000 and five months in 2001. She has not been allowed to work in this area since filing her complaint of sexual harassment.

14. Cement finishers make more money per hour than regular Public Works Department employees. They also have a greater opportunity for promotion.

15. Another man, who finished behind the Plaintiff in the Cement Finishing class, was given jobs for which Plaintiff was qualified.

16. Plaintiff began working with Keith McLey after she was transferred to the Sidewalk Division in approximately May 2000. Mr. McLey sexually harassed Plaintiff, constantly making remarks about her body, asking her to date him and sleep with him. The harassment culminated in Mr. McLey laying hands on Plaintiff.

17. Plaintiff filed a formal complaint with the City on September 24, 2001, reporting the sexual harassment and sexual assaults of Mr. McLey.

18. On October 26, 2001, the City disciplined Plaintiff as a result of the Defendant's investigation into her allegations of sexual harassment. During the disciplinary hearing, Plaintiff reiterated her complaints about the sexual assaults by Mr. McLey.

19. Plaintiff was ostracized by her fellow employees after filing the complaint of sexual harassment. The men in Plaintiff's department refused to ride in a pick-up truck with her or assist her with any of the jobs she was assigned.

20. After September 2001, Plaintiff was often assigned to do the least desirable jobs or to perform jobs that were normally performed by more than one employee.

21. Plaintiff complained to her supervisors about the retaliation, but they refused to provide any assistance to her.

22. In April 2002, Plaintiff was awarded a "Safety Award" for her performance. On approximately April 15, 2002, Defendant revoked the award and took back the 8 hours of vacation pay she had been awarded.

23. The reason given by the Defendant for revocation of the award was that Plaintiff had not worked for Defendant City of Des Moines long enough to earn the award.

24. Plaintiff had worked for the Defendant City of Des Moines for 7 years at this point and only 5 years was necessary to be eligible for the award.

25. In April 2002, Defendant City of Des Moines disciplined Plaintiff for "sleeping on the job," but failed to discipline another male employee who had also been viewed sleeping in his vehicle during the same time frame.

## COUNT I
## VIOLATION OF 42 U.S.C. SECTION 2000e
## SEX DISCRIMINATION, SEXUAL HARASSMENT & RETALIATION

26. Plaintiff repleads paragraphs 1 through 25 as if fully set forth herein.

27. Defendants discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex, and subjected her to sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

28. Plaintiff complained to Defendants about the discrimination and harassment she experienced and otherwise opposed practices made unlawful by Title VII.

29. Defendant discriminated and retaliated against Plaintiff because of her complaints and opposition to discrimination.

30. As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to mental and emotional distress; lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff Mary Wilson demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964.

## COUNT II
## VIOLATION OF IOWA CODE CHAPTER 216
## SEX DISCRIMINATION, SEXUAL HARASSMENT & RETALIATION

31. Plaintiff repleads paragraphs 1 through 30 as if fully set forth herein.

32. Defendants discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex, and subjected her to sexual harassment in violation of Iowa Code Chapter 216.

33. Plaintiff complained to Defendants about the discrimination and harassment she experienced and otherwise opposed practices made unlawful by Iowa Code Chapter 216.

34. Defendants retaliated against Plaintiff because of her complaints and opposition to discrimination.

35. As a proximate cause of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer damages as set forth above.

WHEREFORE, Plaintiff Mary Wilson demands judgment against Defendant, in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

### JURY DEMAND

COMES NOW the Plaintiff and through her attorneys, hereby requests a trial by jury in the above-captioned matter.

FIEDLER & TOWNSEND, P.L.C

_____
Paige E. Fiedler   PK 0014393

_____
Beth A. Townsend, PK  17084
5501 N.W. 86th Street, Suite 100
Johnston, IA  50131
Telephone:  (515) 254-1999
Fax:  (515) 254-9923
ATTORNEYS FOR PLAINTIFFS